# EXHIBIT 1 - Motion for Relief

# EXHIBIT 1

F I L E D
Electronically
CV13-00756
2021-03-23 03:28:13 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8357138 : yviloria

LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiffs*

**IN THE SECOND JUDICIAL DISTRICT COURT IN THE STATE OF NEVADA,**

**IN AND FOR WASHOE COUNTY**

* * *

| | |
|---|---|
| JOHN AND MELISSA FRITZ, | |
| Plaintiffs, | Case No.:  CV13-00756 |
| vs. | Dept. No.:   1 |
| WASHOE COUNTY, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive; | **HEARING REQUESTED** |
| Defendants. | |
| _____/ | |

**MOTION FOR RELIEF FROM JUDGMENT UNDER NRCP 60(b)(3) and NRCP 60(b)(6) DUE TO MISCONDUCT IN DISCOVERY**

COME NOW, JOHN AND MELISSA FRITZ, a married couple ("the Fritzes" or "Plaintiffs"), by and through the undersigned counsel, and file the following Motion for Relief from Judgment under NRCP 60(b)(3) and 60(b)(6) seeking relief from the April 24, 2018 Findings of Fact and Conclusions of Law and Judgment After Bench Trial and November 19, 2020 Order Denying Plaintiff's Motion to Retax and Awarding Costs to Defendant in favor of WASHOE COUNTY, a political subdivision of the State of Nevada; and DOES I through X, inclusive, on the basis of Washoe County's non-disclosure of material facts during the proceedings in Docket No. CV13-00756.

///

///

1

This Motion is made and based upon all of the pleadings and records on file for these proceedings together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background

The Court is intimately familiar with the facts of this case that resulted in the April 24, 2018 Findings of Fact and Conclusions of Law in favor of Washoe County.

The Estates at Mount Rose Unit 3b is another subdivision upstream of the Fritz property on Whites Creek and consists of approximately 23 homes.  The development Estates at Mount Rose, creates and is creating a large area of impervious surfaces that increased stormwater runoff into Whites Creek by virtue of the construction of rooftops, streets, and driveways, resulting in increased runoff as compared to pre-development conditions.

At the time this case was heard by the Court in April of 2018, the hydrology plans disclosed to the Plaintiffs for the Estates at Mt. Rose included retention and/or detention ponds for the mitigation of the increased risks of flooding created by the development.  The purpose of a detention pond in a development is to detain and slowly release in controlled fashion storm water flow increases caused by the creation of impervious surfaces to prevent damage to downstream properties.  The Plaintiffs did not present evidence that the development of the Estates at Mount Rose would increase flooding risks at their property at 14400 Bihler Road because the hydrology plans for the Estates at Mount Rose included a substantial detention and/or retention pond.

However, the Plaintiffs have very recently discovered, in late 2020, that the plans for the Estates at Mount Rose for detention and/or retention ponds were not followed.

In December of 2015, TMWA applied to Washoe County for a Special Use Permit to construct a Water Treatment Facility on the site where the detention and/or retention ponds were to be built for the Estates at Mt. Rose according to the plans submitted to Washoe County for approval.  See Exhibit 1.

The Washoe County Board of Adjustment approved special use permit No. 15-102 for TMWA in February of 2016.[1] The practical effect of the approval of this special use permit was that the detention pond No. 1 listed in the hydrology report for Estates at Mount Rose 3b was deleted from the plans, and the runoff from the development was permitted to be discharged into Whites Creek without any mitigation of the effect of the displacement of water from the paving over of the land for the development. See Washoe County's Staff report in Exhibit 2.

On April 12, 2016, an amended parcel map was submitted to Washoe County by the developers of the Estates at Mount Rose, showing that the proposed detention pond was deleted from the plans, and TMWA's water treatment plant was to be built in its place. (See Exhibit 3 at page 11 of 19).

The Plaintiffs believe that the construction of the TMWA plant on the site where the detention pond was to be build did no commence until approximately late 2019. On September 25, 2018, While the Fritzes case was being appealed to the Nevada Supreme Court, Washoe County accepted dedication of the streets in the Estates at Mount Rose but did not record the resolution accepting the streets with the Washoe County Recorder until February 10, 2020. *See* Exhibit 4.

On November 20, 2013, Washoe County made its initial NRCP 16.1 disclosures in Docket No. CV13-00756, (Attached hereto as Exhibit 5) which included "Whites Creek Hyrdo Reports," including the hydrology reports for the Estates at Mount Rose Unit 3b, attached hereto as Exhibit 6. *See* page 26 of 269 of Exhibit 6 showing the proposed pond. For Unit 3(b), the plans in Exhibit 6 included a detention pond for the at Estates at Mt. Rose that was 3.36-acre feet in volume, which would detain 1,094,860 gallons of water during storm events.

Washoe County disclosed the expert report of engineer Mark Forest P.E. on July 10, 2017, attached hereto as Exhibit 7. The hydrology plans for The Estates at Mt. Rose in Exhibit 3 attached hereto were cited in Forest's report, but were not expressly discussed.

---

[1] Under NRS 47.130(2), the Court may take judicial notice of the fact of the approval of Special Use Permit No. SB15-012.

Because the plans for The Estates at Mt. Rose, Unit 3B included a detention pond to offset increased stormwater runoff, when the Fritzes expert was creating his reports, he did not analyze the impact of this development on the flood risks for the Fritzes property, because with the detention pond the increased risk of flooding to downstream properties would have been reasonably mitigated. See Exhibit 8. The purpose of any detention pond is to mitigate the increased risk of flooding during storm events that is a natural consequence of the development of land. The pond "detains" increased runoff because during development surfaces are transformed from water absorbing soils to impervious surfaces like asphalt and concrete, which dramatically increase runoff. *Id.*

This trial on the lability issues in this matter was held on April 9, 2018, to April 11, 2018, after which the Court issued its April 24, 2018 Findings of Fact and Conclusions of Law and Judgment After Bench Trial in favor of Washoe County, attached hereto as Exhibit 9, in which the Court found that the Fritzes failed to prove that future flooding on their property was inevitable. *Id.* at 18. A major issue of fact in the Court's Order in Exhibit 9 was that Washoe County had approved the deletion of detention ponds in Lancer Estates, which resulted in runoff from that development entering Whites Creek No. 4 unmitigated. *Id.* at 5.

The Plaintiffs appealed this Court's ruling to the Nevada Supreme Court, which issued an Order of Affirmance of the District Court's Order on May 31, 2019. See *Fritz v. Washoe Cty.*, 441 P.3d 1089 (Unpub. Nev. 2019). Attached hereto As Exhibit 10.

The Nevada Supreme Court made the following finding:

> We additionally conclude that the district court's finding regarding future flooding on the property was not clearly erroneous. The Fritzes argue that their expert presented evidence that flooding will continue and increase the more urbanization of that area increases. However, the evidence of future flooding was scant and speculative, particularly when coupled with evidence that the property has only flooded three times in roughly twenty years, none of which resulted in substantial damage. Given the evidence available, the district court's finding does not rise to clear error.

*Id.* at 5-6.

4

The Fritzes then filed Petition for Writ of Certiorari to the United States Supreme Court. The Supreme Court denied the Fritzes' Petition without comment on May 4, 2020 in Docket No. 75636.  On November 19, 2020, this Court issued its Order taxing the Fritzes $56,002.67 in costs, which the Fritzes timely paid to Washoe County.

On December 8, 2020, the Fritzes filed a federal takings case in the District of Nevada in accordance with *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2164 (2019), where the Supreme Court overruled the state proceedings exhaustion requirement in *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S. Ct. 3108 (1985) and expressly provided that taking claims against local governments may be brought under 42 U.S.C. 1983 in Federal Court.

**II. Standard of Review**

NRCP 60(b) provides this Court with the power, "to redress any injustices that may have resulted due to excusable neglect or a wrong of an opposing party." *Nevada Ind. Dev., Inc. v. Benedetti*, 103 Nev. 360, 364, 741 P.2d 802,805 (1987).  NRCP 60(b) is liberally construed to effectuate that purpose. *Carlson v. Carlson*, 108 Nev. 358, 362, 832 P.2d 380, 382 (1992).

Under NRCP 60(b)(3), a court may relieve a party from a final judgment, order, or proceeding where fraud, misrepresentation, or misconduct by an opposing party exists.  Under NRCP 60(c)(1), a motion under Rule 60(b)(3) no more than 6 months after the date of the proceeding or the date of service of written notice of entry of the order.  Notice of Entry of Order for the Court's November 19, 2020 Order was field by Washoe County on December 4, 2020.

To prevail on a motion under NRCP 60(b)(3), the moving party must prove by clear and convincing evidence that the outcome was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the case. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 876 (9th Cir. 2000), *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982).  Failure to disclose or produce probative materials in discovery constitutes misconduct under FRCP 60(b)(3). See *CLS Prods., LLC v. ConTech Int'l, LLC*, No. 3:14-cv-00218-PK, 2015 U.S. Dist. LEXIS 53093, at *13 (D. Or. Apr. 22, 2015), citing *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988)).  Federal cases interpreting the Federal Rules of Civil

Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876, 2002 WL 91604 (2002).

NRCP 60(b)(6) is a catch all provision that permits the Court to relieve a party or its legal representative from a final judgment for, "any other reason that justifies relief." *Henson v. Fid. Nat'l Fin., Inc.,* 943 F.3d 434, 443 (9th Cir. 2019). "This clause 'gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Id.* at 443 citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed. 266 (1949)).

**III. Argument**

The practical effect of the approval by Washoe County of special use permit No. 15-102 for TMWA was that the detention pond No. 1 listed in the hydrology report for Estates at Mount Rose 3b was deleted from the plans, and the runoff from the development was permitted to be discharged into Whites Creek without any mitigation of the effect of the displacement of water from the paving over of the land for the development, which will flow into Whites Creek and then through the Fritzes Property.

Under the version of NRCP 16.1 that was in effect at the time of the initial disclosures in Case No. CV13-00756, Washoe County was required to disclose, "A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and which are discoverable under Rule 26(b)." NRCP 26(b) required discourse of, "…any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" NRCP 26(e)(1) imposed a duty to supplement disclosure made under NRCP 16.1 where "…the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…".

6

The fact that the proposed detention pond for the Estates at Mount Rose 3(b) was to be deleted was never disclosed to the Fritzes by Washoe County during the course of proceedings in Docket No. CV13-00756, or otherwise. The acceptance of dedication of the roads in the Estates at Mount Rose was likewise never disclosed to the Fritzes during the course of the proceedings in Docket No. CV13-00756 and was not recorded by Washoe County until February 2020. See Exhibit 4.

The deletion of the detention ponds and acceptance of dedications of the roads in the Estates at Mount Rose were directly material to the findings of this Court and the Nevada Supreme Court as to the inevitability of flooding on the Fritzes property based on continued development in the Whites Creek watershed. The failure to disclose on the part of Washoe County was prejudicial to the Fritzes because the Fritzes case was decided in part on the grounds that the Fritzes did not present enough evidence that future development in the Whites Creek watershed would increase flooding risks in the future.

There can be no doubt that Washoe County was aware that the detention pond in the Estates at Mount Rose was to be deleted from the plans, because Washoe County approved TMWS's special use permit that led to the deletion of the pond from the plans in February of 2016.

Washoe County undermined the integrity of the proceedings in Docket No. CV13-00756 by failing to disclose the deletion of the detention ponds and acceptance of dedication in the Estates at Mount Rose 3b. The Court rendered its opinion on the facts in the case without complete information, and information which Washoe County had in its possession and control and was under a duty to disclose pursuant to NRCP 16.1 and NRCP 26(e). The Plaintiffs, had they known that Washoe County was to delete another detention pond in the Whites Creek watershed, would certainly have raised that issue at the trial in this matter because unmitigated development raises flood risks for downstream properties.

Thus, failure to disclose the deletion of the detention ponds and acceptance of dedication of the streets in the Estates at Mount Rose was misconduct and should warrant relief from the Court under NRCP 60(b)(3) and NRCP 60(b)(6).

7

WHEREFORE, the Fritzes move that the Court:

(1) Grant relief from the April 24, 2018 Findings of Fact and Conclusions of Law and Judgment After Bench Trial in the form of an order voiding the Court's findings of fact because those findings were based on incomplete information;

(2) Grant relief November 19, 2020 Order Denying Plaintiff's Motion to Retax and Awarding Costs to Defendant Order Washoe County by ordering reimbursement to the Fritzes of $56,002.67 in costs, which the Fritzes paid to Washoe County by order of the Court; and

(3) Grant any further relief that the Court deems just and proper.

In the Alternative:

The Fritzes' move that they be permitted to engage in limited discovery against Washoe County, its expert Mark Forest, TMWA, and the developers and contractors associated with the Estates at Mount Rose, such that the level of knowledge of those parties as to the potential effects of the deletion of the detention pond and acceptance of dedication of the roads on this lawsuit or on downstream properties in Whites Creek may be ascertained.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned hereby affirms that this document does not contain the social security number of any person.

**DATED** this ___March 23, 2021___

By: _____
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

8

**Exhibit List**

1. TMWA Special Use Permit Application
2. WC Staff Report
3. Estates at Mt. Rose Supp. Parcel Map Application
4. Resolution Accepting Streets
5. Washoe County 16.1 Disclosures
6. April 23, 2007 Estates at Mt. Rose Hydrology Report
7. Mark Forest July 10, 2017 Report
8. Declaration of Clark Stoner
9. April 24, 2018 Order
10. May 31, 2019 Order of Affirmance

9

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____     personally delivering;

_____     delivery via Reno/Carson Messenger Service;

_____     sending via Federal Express (or other overnight delivery service);

_____     depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__X__      delivery via electronic means (fax, eflex, NEF, etc.) to:

> MICHAEL W. LARGE
> Deputy District Attorney
> One South Sierra Street
> Reno, NV 89501
> mlarge@da.washoecounty.us
> (775) 337-5700
> ATTORNEY FOR WASHOE COUNTY

**DATED** this Tuesday, March 23, 2021

By:     /s/ *Luke Busby*     .