MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
One South Sierra Street
Reno, NV 89501
mlarge@da.washoecounty.us
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN AND MELISSA FRITZ,

    Plaintiff,

vs.

WASHOE COUNTY, a political subdivision of the State of Nevada, DOES 1 through 10, inclusive;

    Defendants.

Case No. 3:20-CV-00681-RJC-WGC

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE MOTION TO CERTIFY QUESTION TO THE NEVADA SUPREME COURT**

Defendant Washoe County by and through counsel Michael W. Large, Washoe County Deputy District Attorney, replies to Plaintiffs' Opposition to Washoe County's Motion to Dismiss.

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Opposition to the Motion Dismiss ignores the practical realities of the state court proceedings that they brought, fully litigated, and lost. Plaintiffs brought and lost their claim under the Fifth Amendment in the state court inverse condemnation action. They now ask this Court to ignore the state court proceedings and allow them to bring the same claim again. Plaintiffs' Second Amended Complaint is subject to dismissal in its entirety.

A.    **Plaintiffs' claims are barred under the Full Faith and Credit Act, 28 U.S.C. § 1738, based on Nevada's rules of claim and issue preclusion.**

Plaintiffs argue that the Full Faith and Credit Statute does not apply because they have found new and better evidence that can support their Fifth Amendment claim. "Claim

-1-

preclusion does not contain a better evidence exception." *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 941 (E.D. Cal. 2017) *quoting Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2335 (2016), as revised (June 27, 2016). Plaintiffs argue that issue preclusion does not apply because they have a new theory of liability. Regardless of the new theory or new evidence, the state district court's holding that "no taking" and "no public use" occurred under the Fifth Amendment of the United States Constitution must be given preclusive effect.

Claim preclusion is designed to promote finality of judgments and judicial efficiency by requiring a party to bring all related claims against its adversary in a single suit, on penalty of forfeiture. *Rock Springs Mesquite II Owners' Ass'n v. Raridan*, 136 Nev. 235, 464 P.3d 104, 107 (2020). Under Nevada law, claim preclusion applies when: "(1) there has been a valid, final judgment in a previous action; (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a 'good reason' for not having done so." *Weddel v. Sharpl*, 131 Nev. 233, 235, 350 P.3d 80, 81 (2015).

Plaintiffs do not dispute, nor can they, that there is valid final judgment in the previous action, nor that the parties or privies are the same. Nor do Plaintiffs dispute that they brought a claim under the Fifth Amendment in the state court action. Rather, Plaintiffs contend that they should be allowed to bring their Fifth Amendment claim again because they now have new evidence involving the Estates at Mt. Rose to support their claim. ECF No. 15 at 13.

"Claim preclusion does not have a 'better evidence' exception." *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 941 citing *Woman's Health*, 136 S.Ct. at 2335; *see, e.g., Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995) ("If simply submitting new evidence rendered a prior decision factually distinct, *res judicata* would cease to exist"); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 66 (1st Cir. 2008) (Claim preclusion "applies even if the litigant is prepared to

present different evidence … in the second action"); *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003) ("The fact that … new evidence might change the outcome of the case does not affect application of claim preclusion doctrine"); *International Union of Operating Engineers–Employers Constr. Industry Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) ("The fact that some different evidence may be presented in this action …, however, does not defeat the bar of res judicata"). Nor does claim preclusion cease to apply because plaintiffs have asserted different or better theories of liability. *See In re JPMorgan.*, 263 F. Supp. 3d at 941.

The "state court's resolution of the plaintiff's inverse condemnation claim has preclusive effect in any subsequent federal suit." *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2179 (2019). In the state court action, Plaintiffs brought an inverse condemnation claim pursuant to the Nevada and United States Constitutions. ECF No. 10 at Ex. 3. Inverse condemnation actions provide a mechanism under state law for landowners to vindicate the rights created and guaranteed by the Fifth Amendment of the United States Constitution and the Nevada Constitution. *See e.g. Alper v. Clark County*, 93 Nev. 569, 574, 571 P.2d 810, 812–13 (1977); *McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 662, 137 P.3d 1110, 1122 (2006).

Plaintiffs argue that they could not bring their Fifth Amendment claim pursuant to 42 U.S.C. §1983 because of the *Williamson County* state court exhaustion requirement. This does not overcome claim preclusion. The "state court's resolution of the plaintiff's inverse condemnation claim has preclusive effect in any subsequent federal suit." *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2179 (2019). Moreover, Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). In state court, Plaintiffs pursued a direct action for inverse condemnation under the Fifth Amendment of the United States Constitution. 42 U.S.C. §1983 does not give them a second chance to litigate the exact same federal right.

The fact that Plaintiffs do not like the result of the state district court proceedings does not mean that they suddenly have a new Fifth Amendment claim that they can bring. They do

1   not. Claim preclusion under 28 U.S.C. § 1738 bars their claim and the SAC should be dismissed.

2   Under Nevada law, issue preclusion requires a finding of the following four elements: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; … (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation"; and (4) the issue was actually and necessarily litigated." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. Adv. Op. 28, 321 P.3d 912, 916 (2014) *quoting Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008).

Plaintiffs do not dispute that the initial ruling is final and on the merits, that the question of whether a "taking" and "public use" were actually and necessarily litigated, nor that the parties were in privity. Plaintiffs argue that because the Nevada Supreme Court only addressed the state law issues in the unpublished decision of affirming the state court district's decision, that somehow this allows them to relitigate these issues. This argument misses the point of issue preclusion.

The state district court's Findings of Fact and Conclusion of Law and Judgment is what precludes Plaintiffs' Fifth Amendment claim. *See Edwards v. Ghandour*, 123 Nev. 105, 117, 159 P.3d 1086, 1094 (2007)("a judgment maintains its preclusive effect while on appeal"), *abrogated by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008). Plaintiffs refuse to acknowledge that the state district court explicitly addressed their Fifth Amendment claim.

> The Takings Clause of the United States Constitution provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend V.
>
> …
>
> A taking occurs when the government encroaches upon or occupies private land for its own proposed use. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617, 125 S. Ct. 2448, 2457 (2001)
>
> …
>
> The inevitability of flooding on the Property is almost exclusively related to extreme weather conditions that occurred in twice in twelve years and there was no evidence presented that proved or disproved the likelihood of reoccurring flooding on the Property. Flooding not shown to be inevitably recurring occupies the category of mere consequential injury or tort. *Pinkham v. Lewiston Orchards Irr. Dist.*, 862 F.2d 184 (9th Cir. 1988). "To constitute a compensable taking by inverse condemnation where no permanent flooding of the land is involved, proof of

> frequent and inevitably recurring inundation due to government action is required. *Id.* (citing *United States v. Cress*, 243 U.S. 316, 328, 37 S. Ct. 380, 385 (1917). In *Pinkham*, the Court state that two floodings occurring in 1959 and 1984 (within twenty-five years of one another) were insufficient to amount to a constitutional taking. This case is not identical to but is comparable to *Pinkham*, in that the Property was subject to only two floodings over a twelve year period.

ECF No. 10 at Ex. 3 at pp. 9-10, 19. The state district court held that "[t]his Court does not find that an appropriation, occupation, or seizure of the Property has taken place sufficient to prove that a taking has occurred." ECF No. 10 at Ex. 3 at 20. Additionally, the state court held that "the actions of Washoe County were not the proximate cause of flooding on the Plaintiffs' property and did not constitute a public use." *Id.* at 17.

The Nevada Supreme Court is not required to address every issue raised by the state district court's decision when it affirms a decision. Plaintiffs argued that "[t]he fundamental issue on appeal is whether Washoe County's activities and involvement in the development of land upstream of the Fritzes' Property, which is causing flooding on their Property, constitutes a taking of the Fritzes' Property for public use in violation" of the United States Constitution. ECF No. 10 at Ex. 4. The Nevada Supreme Court stated "[w]e have considered Fritzes remaining arguments and conclude they are without merit." *Id.* at Ex. 5 at 6.

Additionally, Plaintiffs argue that under the *San Remo* decision, Nevada law is not co-extensive with federal law and therefore they can bring their Fifth Amendment claim. This argument is incorrect. Plaintiffs brought their Fifth Amendment claim in the state court action and the state district court held that "no taking" and "no public use" occurred. Therefore, the "issue" of whether a taking and public use under the Fifth Amendment occurred has been decided and issue preclusion bars their claim.

The issue presented in prior litigation, according to the Plaintiffs, was whether there was a "*taking of their private property for public use* without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution." ECF No. 10 at Ex. 6 at 6 (emphasis added). This is the identical issue that is raised by the Plaintiffs in the current

litigation. ECF No. 8 at ¶¶61-69.  Specifically, Plaintiffs are again trying to reassert that Washoe County's approval of uphill subdivisions has taken their property by causing intermittent and inevitable flooding, thus turning their property into a floodway.  *Compare* ECF No. 8 to Ex 3.

Plaintiffs argue that issue preclusion does not apply because the effects of evidence of Estates at Mt. Rose were not litigated in the prior case.  The legal problem with Plaintiffs' argument is that the state court already decided that the flooding that occurred on Plaintiffs' property in 2005, 2014, and 2017 were not caused by Washoe County and did not constitute a taking of property or public use under the Fifth Amendment. The factual problem with Plaintiffs' argument is that the Estates at Mt. Rose could not have affected this analysis. Construction on TMWA's water treatment facility did not begin until 2019, two years after the last "flooding" of Plaintiffs' property.[1]  Moreover, the acceptance of the road dedications did not occur until 2018, a year afterwards.  There is absolutely no effect on the fundamental question: whether the flooding on Plaintiffs' property in 2005, 2014, and 2017 constituted a taking of property for public use by Washoe County.

Issue preclusion is proper when factual differences "are of no legal significance whatever in resolving the issue presented in both cases." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 174 (1984). If state courts "answered federal questions erroneously, it remained for state appellate courts, and ultimately for the United States Supreme Court, to correct any mistakes." *Delaware River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 576 (3d Cir. 2002).  Plaintiffs argued vigorously before the Nevada Supreme Court that the state district court erred in its analysis in addressing the takings claims brought under the United States Constitution and the Nevada Constitution.  ECF No. 10 at Ex. 4.  Likewise, they argued vigorously in their Petition for Writ of Certiorari to the United States Supreme Court.  *Id*. at Ex. 6.  These appellate court did not agree.  This does not prevent the application of issue preclusion or give the Plaintiffs the right to bring another Fifth Amendment claim.

---

[1] Plaintiffs are operating a bizarre notion that Washoe County is somehow vicariously liable for the action of the Truckee Meadows Water Authority, which is an entirely separate legal subdivision.  TMWA built a water treatment facility in 2019 a few miles from the Fritzes property.  If the Fritzes believe that this facility is going to cause or has caused flooding on their property, they can assert a claim against TMWA.

To prove a violation under the Fifth Amendment under 42 U.S.C. §1983, Plaintiffs necessarily must prove that a "taking" occurred, and that taking was for "public use." Both issues have been decided by the state court's decision and therefore issue preclusion bars Plaintiffs from reasserting them herein. Id. at Ex. 3 at 17, 20.

B. **This Court is empowered to certify the state law question of whether claim and issue preclusion apply to the Nevada Supreme Court on Plaintiffs' Fifth Amendment Claim.**

The question of what preclusive effect the state court judgment in the Fritz's state court decision is governed exclusively by state law. Plaintiffs contention is that the Nevada Supreme Court did not address the federal law issue in its Order of Affirmance.  Clearly, the state district court address the federal issue in its Judgment. This Court is empowered to certify the question to the Nevada Supreme Court to ask whether its Order of Affirmance gives preclusive effect on the federal court claims.

C. **Plaintiffs' Federal Takings Claim should be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.**

If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, or a more general constitutional challenge that is "inextricably intertwined" with the allegedly erroneous decision, then *Rooker-Feldman* bars the federal district court from having subject-matter jurisdiction over the case. *Noel v. Hall*, 341 F.3d 1148, 1161 (9th Cir. 2003). A claim is "inextricably intertwined" with a state court's decision when "adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Plaintiffs' claim under Fifth Amendment is not just inextricably intertwined with the state court's decision: it is the exact same claim. The Complaint is replete with criticisms of the state courts' decision. ECF No. 8 at ¶35, 36, 42. The entire premise of this lawsuit is that the state court erred in not agreeing with Plaintiffs' interpretation of how federal takings law should be applied to flooding cases generally, and their claim specifically. *Id.* at ¶42.  Plaintiffs' Opposition to the Motion to Dismiss complains extensively about the state court decision.

Plaintiffs cite to the amicus brief filed by the Pacific Legal Foundation which was submitted to the U.S. Supreme Court which criticizes the state court's decision.

Fundamentally, the entirety of the Plaintiffs' Opposition is that the state court got in wrong in deciding the federal takings claim and because the Nevada Supreme Court and the U.S. Supreme Court did not fix it on appeal, that this Court should give them the relief that they are seeking. To grant the Plaintiffs' claim, this Court would have to revisit the state district court's order finding that no taking had occurred, and no public use had been established under the Fifth Amendment. This is prohibited by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction over this matter because it is inextricably intertwined with the state court decision.

**D.  Plaintiffs' claim under 42 U.S.C. §1983 is barred by the two-year statute of limitations.**

The statute of limitations for a claim under 42 U.S.C. §1983 in Nevada is two-years. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938 (1985)(holding that appropriate statute of limitations for §1983 actions is the state's statute of limitations for personal injury), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S.Ct. 1836 (2004); NRS 11.190(4)(e)(personal injuries actions in Nevada have a two-year statute of limitations).

In *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), the United States Supreme Court held that Section 1983 claims are best characterized as tort actions for personal injuries and federal courts must borrow the statute of limitations governing personal injury actions in the state in which the action is brought. This bright-line rule was reaffirmed in *Owens v. Okure*, 488 U.S. 235 (1989). And the rule applies even where the state courts have ruled that some other statute of limitations applies to the specific alleged violation–in this case, a takings claim. *See Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651 (9th Cir. 2003) (applying California statute of limitations for personal injury torts to plaintiff's takings claim under § 1983). *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (applying Ohio two-year statute of limitations for

personal injuries to takings claim where plaintiffs argued that the two-year statute of limitations was contrary to Ohio law). Accordingly, it is well-established that Plaintiffs' Section 1983 action for a takings under the Fifth Amendment in Nevada is two-years.

>  The *Knick* decision applies retroactively under the Supreme Court's decision in *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 94–95 (1993) making Plaintiffs' claim under Section 1983 untimely.

Plaintiffs argue profusely that *Knick* established a new rule of law and they should get a brand new two-year statute of limitations, not from the date of the alleged taking in 2005 or even from the last time their property flooded in 2017, but the date of the Supreme Court's decision in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019). *See* ECF No. 15 at 15-19.  In *Knick*, the Supreme Court overruled the "state litigation requirement" established in *Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City.*, 473 U.S. 172 (1985).  139 S. Ct. 2162, In doing so, the Supreme Court held "that a government violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under § 1983 at that time." *Knick*, 139 S. Ct. at 2177.

Plaintiffs are correct regarding *Knick* establishing a new rule of law.  However, they are mistaken regarding the effect on *Knick* on the statute of limitations. In *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 94, 113 S.Ct. 2510, 2517, (1993), the Supreme Court held:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and **as to all events, regardless of whether such events predate or postdate our announcement of the rule**.
> …
> we now prohibit the erection of selective temporal barriers to the application of federal law in noncriminal cases. In both civil and criminal cases, we can scarcely permit "the substantive law [to] shift and spring" according to "the particular equities of [individual parties'] claims" of actual reliance on an old rule and of harm from a retroactive application of the new rule.

(emphasis added). As the Ninth Circuit has recognized "retroactive application is the presumptive norm …" *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 517 (9th Cir. 2012).  Thus, a new rule is retroactive even if it makes a previously timely action untimely. *See Reynoldsville Casket Co.*

*v. Hyde*, 514 U.S. 749, 752, 115 S.Ct. 1745 (1995)(finding that a recent Supreme Court case "retroactively invalidated the tolling provision that [made the plaintiff's] suit timely")(internal quotation marks omitted)). [2]

In *Wireman v. City of Orange Beach*, 2020 WL 5523403, at *6 (S.D. Ala. May 7, 2020), *report and recommendation adopted*, 2020 WL 3073004 (S.D. Ala. 2020), plaintiffs filed their federal takings claim approximately six months after *Knick* had been decided, alleging a physical taking without just compensation by the City of Orange Beach. *Id.* at *6. The Court held:

> It is well settled that the Court "must apply the law in effect at the time it renders its decision." *Henderson v. United States*, 568 U.S. 266, 271, 133 S.Ct. 1121, 185 L.Ed.2d 85 (2013). As stated, Plaintiffs filed the instant action after Knick was decided. Thus, applying Knick, Plaintiffs' federal takings claim accrued and ripened at the time of the taking. *See Knick*, 139 S. Ct. at 2168, 2172 ("[t]he act of taking is the event which gives rise to the claim for compensation," as "the landowner has already suffered at the time of the uncompensated taking;" "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it.")(emphasis in original). Because Plaintiffs did not file the instant § 1983 action until January 3, 2020, almost ten years after their claim accrued and ripened, their claim is untimely.

*Id.* Similarly, Plaintiff did not file their Complaint in this Court until December 2020, nearly fifteen years after their property first experienced flooding in 2005.

Plaintiffs' lawsuit was brought after the *Knick* case was decided and accordingly, their claim is untimely under the 2-year statute of limitations.

**Equitable tolling is not applicable.**

Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396, 127 S.Ct. 1091 (2007). A litigant bears the burden to show that they are entitled to equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (applying equitable tolling to a § 1983 claim); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)("Generally, a litigant seeking

---

[2] Plaintiffs argue that the Ninth Circuit would not apply a rule retroactively to make a claim untimely. Plaintiffs cite to *Chevron Oil Co. v. Huson*, 404 U.S. 97 and *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987) to support their position. However, the *Chevron* case was explicitly limited by *Harper* decision. Retroactive application of a new rule of law is now the presumptive norm. *Garfias-Rodriguez*, 702 F.3d at 517

equitable tolling bears the burden of establishing two elements.").

In the present instance, Plaintiffs cannot show that they have been pursuing their rights diligently nor that some extraordinary circumstance stood in their way. *See Yates v. Cnty. of Pima*, 2019 WL 7561225 (D. Ariz. 2019)(equitable tolling did not apply to a takings claim filed after *Knick*). Based on Plaintiffs' argument to this Court, they never brought a their federal claim in their state court action and therefore they could have brought it at any time after the decision in *Knick* in June of 2019. They waited nearly two years to do so.

Perhaps Plaintiffs waited because they were simultaneously arguing vigorously before the Nevada Supreme Court and the United States Supreme Court that they had brought their federal claim in the state court action. As they stated in their Opening Brief to the Nevada Supreme Court, "[t]he fundamental issue on appeal is whether Washoe County's activities and involvement in the development of land upstream of the Fritzes' Property, which is causing flooding on their Property, constitutes a taking of the Fritzes' Property for public use in violation of the Nevada Constitution and the **US Constitution**." ECF No. 10 at Ex. 4 (emphasis added). Likewise, in Plaintiff's Petition for Writ of Certiorari, under the heading "**The Fritzes Sued for a Federal Taking**," they specifically argued that "[t]he Fritzes brought suit against the County in April 2013 in Nevada state court for the taking of their private property for public use without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution." ECF No. 10 at Ex. 6 at 6 (emphasis in original).

Nevertheless, Plaintiffs have failed to meet their burden in showing why they did not bring their federal claim immediately upon the decision in Knick in June 2019 and why they waited. Accordingly, equitable tolling is not applicable. *See Wireman v. City of Orange Beach*, 2020 WL 5523403, at *7 (S.D. Ala. 2020), report and recommendation adopted, 2020 WL 3073004 (S.D. Ala. 2020)("there is nothing in Plaintiffs' complaint or otherwise before the Court to suggest that Plaintiffs have been pursuing their rights diligently and that some extraordinary circumstance stood in their way as to the filing of their federal action").

E.  **Plaintiffs' claim for declaratory relief under 28 U.S.C. § 2201 is subject to dismissal.**

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the state court decision must be given preclusive effect on the Plaintiffs' Fifth Amendment Takings Claim, including on their declaratory relief action. Plaintiffs are seeking a reversal of the state court decision and asking this Court to specifically declare that Washoe County's actions constitute a "taking" and "public use" in violation of the Fifth Amendment. To the same extent that claim and issue preclusion apply to Plaintiffs' claim under 42 U.S.C. §1983, the same preclusive principles apply to Plaintiffs' request for declaratory relief under 28 U.S.C. § 2201. Accordingly, Plaintiffs' claim for Declaratory Relief should be dismissed.

F.  **Colorado River Abstention is applicable.**

By filing a Motion for Relief from the Judgment in the state court action based on the evidence related to the Estates at Mt. Rose, Plaintiffs have tacitly acknowledged that their Fifth Amendment claim brought in this Court is the "same claim or any part of them that were or could have been brought" in their inverse condemnation action in state court, and therefore claim preclusion applies. *Mendenhall*, 133 Nev. at 620.

By attempting to seek relief from that state court's Judgment, Plaintiffs' SAC is subject to dismissal or to a stay based upon the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 96 S. Ct. 1236 (1976). As addressed in the Supplement to the Motion to Dismiss, there is now piecemeal litigation in two courts both seeking to adjudicate the same right, the Plaintiffs' Fifth Amendment Takings Claim against Washoe County. The state court was the initial lawsuit filed and has taken possession of the property under the Colorado River decision. This Court should exercise its discretion to either dismiss this action or stay it until the NRCP 60(b) motion is decided in the state court.

**CONCLUSION**

Accordingly, Washoe County respectfully requests that this Court issue an Order dismissing this action with prejudice pursuant FRCP 12(b)(1) and FRCP 12(b)(6).

Dated this 6th day of April 2021.

          CHRISTOPHER J. HICKS
          District Attorney

          By    /s/ Michael W. Large
          MICHAEL W. LARGE
          Deputy District Attorney
          One South Sierra Street
          Reno, NV 89501
          mlarge@da.washoecounty.us
          (775) 337-5700

          ATTORNEYS FOR WASHOE COUNTY

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

LUKE BUSBY, ESQUIRE

Dated this 6th day of April 2021.

                                          /s/ C. Theumer
                                          C. Theumer