MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
One South Sierra Street
Reno, NV  89501
mlarge@da.washoecounty.us
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN AND MELISSA FRITZ,

       Plaintiff,

vs.

WASHOE COUNTY, a political subdivision of the State of Nevada; and DOES 1 through 10 inclusive,

       Defendants.

Case No.  3:20-cv-00681-RCJ-WGC

**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF WASHOE COUNTY'S MOTION TO DISMISS**

    Defendant Washoe County, by and through counsel hereby requests that this Court stay discovery pending resolution of Motion to Dismiss (ECF No. 10).  This motion is based upon following Memorandum of Points and Authorities, FRCP 26, and this Court's inherent power to control discovery.

MEMORANDUM OF POINTS AND AUTHORITIES

    While this action has only recently been filed in this Court, Plaintiffs John and Melissa Fritz ("Plaintiffs") and Defendant Washoe County have been litigating these claims for the better part of a decade. In 2013, Plaintiffs brought a claim of inverse condemnation against Washoe County alleging that the approval of the uphill subdivisions has increased water runoff onto their property constituting a taking of property without just compensation in violation of the Nevada and United States Constitutions. *See* ECF No. 10 at Ex. 1; *see also Fritz v. Washoe County*, CV13-00756 (Second Judicial District Court of Nevada). After a bench trial, the state district court ruled in

Washoe County's favor holding that no taking and no public use were shown by the Plaintiffs and therefore there was no violation of the Nevada and United States Constitutions. *See* ECF No. 10 at Ex. 3. This decision was affirmed by the Nevada Supreme Court, and a petition for writ of certiorari was denied by the United States Supreme Court.

Undeterred by their loss, Plaintiffs have refiled the exact same action in this Court pursuant to 42 U.S.C. §1983 alleging a Fifth Amendment takings claim. Washoe County has filed a motion to dismiss arguing that Plaintiffs claims are barred by the claim and issue preclusion, the *Rooker-Feldman* doctrine, and the *Colorado River* abstention doctrine. The Motion to Dismiss is dispositive of all issues in this case, it can be resolved without further discovery in this matter, and it raises serious issues of claim and issue preclusion, along with subject matter jurisdiction. A stay of discovery and initial disclosures is appropriate to allow this Court the opportunity to rule on the pending Motion to Dismiss.

## BACKGROUND

On May 12, 2014, the Plaintiffs filed their Third (and final) Amended Verified Complaint against Washoe County in state court alleging that:

> 39. By virtue of Washoe County's substantial involvement in the development of Lancer Estates and Monte Rosa and Washoe County's adoption of the activities of the developers of Lancer Estates and Monte Rosa as part of Washoe County's Master Plan and requirements in the Washoe County Code for the drainage and flood control of the area, Washoe County has exercised the power of eminent domain over the Plaintiff's property in violation of the Article 1, Section 22 of the Constitution of the State of Nevada, **the takings clause of the Fifth Amendment of the United States Constitution**, and without complying with the procedures set forth in Chapter 37 of the Nevada Revised Statutes (which a government entity is required by law to follow before taking private property for public use).
>
> 40. Washoe County has taken the Plaintiff's property for public use.
>
> 41. Storm waters from the drainage systems on Lancer Estates and Monte Rosa in Whites Creek No. 4 has actually invaded the Plaintiff's Property by superinduced additions of water so as to effectively destroy or impair its usefulness. *Pumpelly v. Green Bay Company*, 80 U.S. (13 Wall.) 166, 181 (1871).

> 42. The Plaintiff's Property is subjected to intermittent-but-inevitable flooding from waters from Lancer Estates and Monte Rosa, which causes substantial injury and damages to the Property. *United States v. Cress*, 243 U.S. 316, 328 (1917).
>
> 43. The continuing flooding on the Plaintiff's Property caused by the development of Lancer Estates and Monte Rosa, and other activities constitutes a permanent physical invasion of the Property. *McCarron Int'l Airport v. Sisolak*, 122 Nev. 645, 662 (Nev. 2006).

ECF No. 10 at Ex. 2 at ¶¶39-43 (emphasis added).

After a bench trial, on April 24, 2018, the state district court issued Findings of Fact, Conclusions of Law, and Judgment in favor of Washoe County holding that no taking of property had occurred and that there was no "public use" under the Taking Clause of the United States Constitution or under the Nevada Constitution. Ex. 3. Throughout the decision, the state district court cites to both federal and state constitutional takings principals and case law:

> The Takings Clause of the United States Constitution provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend V.
> …
> A taking occurs when the government encroaches upon or occupies private land for its own proposed use. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617, 125 S. Ct. 2448, 2457 (2001)
>
> …
> The inevitability of flooding on the Property is almost exclusively related to extreme weather conditions that occurred in twice in twelve years and there was no evidence presented that proved or disproved the likelihood of reoccurring flooding on the Property. Flooding not shown to be inevitably recurring occupies the category of mere consequential injury or tort. *Pinkham v. Lewiston Orchards Irr. Dist.*, 862 F.2d 184 (9th Cir. 1988). "To constitute a compensable taking by inverse condemnation where no permanent flooding of the land is involved, proof of frequent and inevitably recurring inundation due to government action is required. *Id.* (citing *United States v. Cress*, 243 U.S. 316, 328, 37 S. Ct. 380, 385 (1917). In *Pinkham*, the Court state that two floodings occurring in 1959 and 1984 (within twenty-five years of one another) were insufficient to amount to a constitutional taking. This case is not identical to but is comparable to *Pinkham*, in that the Property was subject to only two floodings over a twelve year period.

Ex. 3 at pp. 9-10, 19. After weighing all the evidence presented during the trial, the state district court held that "[t]his Court does not find that an appropriation, occupation, or seizure of the

Property has taken place sufficient to prove that a taking has occurred." ECF No. 10 at Ex. 3 at 20. Additionally, the state court held that "the actions of Washoe County were not the proximate cause of flooding on the Plaintiffs' property and did not constitute a public use." *Id.* at 17.

Plaintiffs appealed the decision to the Nevada Supreme Court. In their opening brief, Plaintiffs argued "[t]he fundamental issue on appeal is whether Washoe County's activities and involvement in the development of land upstream of the Fritzes' Property, which is causing flooding on their Property, constitutes a taking of the Fritzes' Property for public use in violation of the Nevada Constitution and the **US Constitution**." Id. at Ex. 4 (emphasis added). On May 31, 2019, the Supreme Court of Nevada affirmed the district court's decision. Id. at Ex. 5.

Plaintiffs filed a petition for writ of certiorari with the United States Supreme Court. Id. at Ex. 6. In Plaintiff's Petition, under the heading "**The Fritzes Sued for a Federal Taking**," Plaintiffs specifically argued that "[t]he Fritzes brought suit against the County in April 2013 in Nevada state court for the taking of their private property for public use without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution." Ex. 6 at 6 (emphasis in original). The United States Supreme Court denied the certiorari petition on May 4, 2020. *Id.* at Ex. 7 at 2.

On December 8, 2020, Plaintiffs filed the present suit pursuant to 42 U.S.C. §1983 alleging a taking of property pursuant to the Fifth Amendment by Washoe County because of flooding on their property caused from the approval of uphill developments. ECF No. 1. On March 1, 2021, Plaintiffs filed an Amended Complaint for Damages and Declaratory Relief pursuant to 42 U.S.C. §1983 asserting a taking of property pursuant to the Fifth Amendment against Washoe County and seeking a declaration of their rights pursuant to 28 U.S.C. §2201 that Washoe County took a flowage easement under the Fifth Amendment. ECF No. 6. On March 11, 2021, Plaintiff filed a Second Amended Complaint asserting a taking of property pursuant to the Fifth Amendment against Washoe County and seeking a declaration of their rights pursuant to 28 U.S.C. §2201 that Washoe County took a flowage easement under the Fifth Amendment. ECF No. 8.

LEGAL ANALYSIS

A.  Stay of Discovery Standard

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]" The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

B.  A Stay of Discovery is Warranted Because Plaintiffs' Claim is Barred by Claim and Issue Preclusion, and this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

In the Second Amended Complaint ("SAC"), Plaintiffs assert a claim pursuant to 42 U.S.C. §1983 alleging a taking under the Fifth Amendment against Washoe County and seeking Declaratory Relief under 28 U.S.C. §2201.  These claims are subject to dismissal.

Discovery should be stayed while dispositive motions are pending when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive. *Solida v. United States Dep't of Fish & Wildlife*, 288

F.R.D. 500, 506 (D. Nev. 2013); *citing to Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 357 (E.D.N.Y. 1991). "[A] situation that in and of itself would warrant a stay of discovery … occur[s] when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 654 (D. Nev. 1989).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, Plaintiffs' claims are barred based on Nevada's rules of claim and issue preclusion. Claim preclusion applies because Plaintiffs brought, fully litigated, and lost their claim in state court against Washoe County under the Fifth Amendment of the United States Constitution. Issue preclusion applies because the state court's decision that no "taking" and no "public use" occurred is binding on the Plaintiffs. Additionally, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction because this is nothing more than a de-facto appeal of the state court's decision on Plaintiffs' Fifth Amendment claim. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)(subject matter jurisdiction is lacking when "adjudication of the federal claims would undercut the state ruling…"). Additionally, Plaintiffs claim is barred by the two-year statute of limitations applicable in 42 U.S.C. §1983 claims in Nevada.

This Court has held that claim preclusion is a valid reason to stay discovery. *See Jones v. Cox Cable*, 2016 WL 659719, at *2 (D. Nev. 2016)("the inquiry is whether Jones' claims for relief in the instant action are the same as his claims for relief in his prior action"); *Holmes v. Metro. Police Dept.*, 2014 WL 3734282, at *3 (D. Nev. 2014)("Defendants' assertions that Plaintiff's complaint is precluded by res judicata and time barred by the statute of limitations are compelling arguments in favor of staying the proceedings."); *Blanchard v. Fed. Nat. Mortg. Ass'n*, 2:12-CV-2203 JCM PAL, 2013 WL 1867059, at *2 (D. Nev. May 2, 2013)(recognizing that Magistrate Judge Peggy Leen granted the motion to stay discovery (doc. # 21) in light of the pending motion to dismiss based upon claim preclusion); *Rizzolo v. Henry*, 2013 WL 1890665, at *6 (D. Nev. 2013)(staying case pending motion to dismiss based upon claim preclusion); *Pilger v. Mosley*, 2018 WL 5268605, at *1 (D. Nev. 2018)(Staying discovery pending motion to dismiss claims based on

the statute of limitations, the Rooker-Feldman doctrine, claim preclusion). This Court has also held that a stay of discovery is appropriate on cases involving the *Rooker-Feldman* doctrine. *Zabeti v. Arkin*, 2, 2014 WL 1764358, at *3 (D. Nev. 2014).

Plaintiffs' SAC is subject to dismissal or to a stay based upon the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 96 S. Ct. 1236 (1976). As addressed in the Supplement to the Motion to Dismiss, there is now piecemeal litigation in two courts both seeking to adjudicate the same right: the Plaintiffs' Fifth Amendment Takings Claim against Washoe County. The state court was the initial lawsuit filed and has taken possession of the property under the *Colorado River* decision. Washoe County has requested the Court exercise its discretion to either dismiss this action or stay it until the NRCP 60(b) motion is decided in the state court.

In sum, the entirety of Plaintiffs' SAC is subject to dismissal based upon the legal arguments raised in the Motion to Dismiss. No further discovery is necessary for this Court to rule on the purely legal issues raised in the motion. And the Motion to Dismiss raises important legal issues that touch on this Court's subject matter jurisdiction, abstention doctrines, and preclusions issues.

This case has already gone to trial. Discovery was expensive, time consuming, and fully completed. Under FRCP 1, the just and inexpensive determination of this action requires that a stay of discovery and initial disclosure be issued pending this Court's determination of the serious issues raised in the Motion to Dismiss.

//
//
//
//
//
//

# CONCLUSION

Accordingly, Washoe County respectfully requests that this Court issue an Order Staying Discovery and Initial Disclosures pending resolution of Washoe County's Motion to Dismiss.

Dated this 6th day of April, 2021.

CHRISTOPHER J. HICKS
District Attorney

By   /s/ Michael W. Large
MICHAEL W. LARGE
Deputy District Attorney
One South Sierra Street
Reno, NV 89501
mlarge@da.washoecounty.us
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

LUKE BUSBY, ESQUIRE

Dated this 6th day of April, 2021.

/s/ C. Theumer
C. Theumer